IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICIA ANN WILLIAMS, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2751-P-BD |
| | § | |
| DALLAS FEDERAL PENITENTIARY, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Alicia Ann Williams and Charlicia Slade, residents of Pennsylvania, alleging unspecified wrongdoing by unnamed federal prison officials resulting in the death of Brian L. Pendleton. On October 17, 2011, plaintiffs tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because plaintiffs did not disclose their incomes, assets, or expenses, the court ordered them to provide additional financial information within 20 days. *See* Order, 10/20/11. The court also sent written interrogatories to plaintiffs in order to obtain more details about the factual basis of this suit. Plaintiffs were warned that the failure to answer the interrogatories within 20 days "may result in the dismissal of the complaint for failure to prosecute[.]" *See* Mag. J. Interrog., 10/20/11 at 1. Plaintiffs failed to answer

the interrogatories or provide the financial information requested. On December 1, 2011, the court

issued another order requiring plaintiffs to provide information about their incomes, assets, and

expenses, and directing them to answer the interrogatories. *See* Order, 12/1/11. Once again,

plaintiffs were warned that the failure to comply with the order within 20 days "may result in the

imposition of sanctions, including dismissal of the action for want of prosecution." *Id.* To date,

plaintiffs still have not provided the financial information requested or answered the interrogatories.

The court now determines that this case should be dismissed without prejudice pursuant to Fed. R.

Civ. P. 41(b).

## II.

A district court has authority to dismiss a case for want of prosecution or for failure to

comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.

1998). This authority "flows from the court's inherent power to control its docket and prevent undue

delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401

(5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734

(1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-

80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the

court order was the result of purposeful delay or contumacious conduct and the imposition of lesser

sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191

(5th Cir. 1992).

The court twice ordered plaintiffs to provide additional financial information and answer

written interrogatories. Plaintiffs have not complied with those orders despite repeated warnings that

their failure to do so would result in the dismissal of the case. The court must obtain additional

information from plaintiffs in order to screen their complaint and rule on their application to proceed

*in forma pauperis*. The inability to proceed with this litigation is directly attributable to plaintiffs' failure to provide the information requested. Dismissal is clearly warranted under these circumstances. *See Wiggins v. Management and Training Corp.*, No. 3-03-CV-1547-L, 2003 WL 22259080 at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories).

## RECOMMENDATION

Plaintiffs' complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 6, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE